*E-Filed: January 22, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO ALONSO, an individual<br><br>       Plaintiff,<br>v.<br><br>WALGREEN CO., and DOES 1-50, inclusive,<br><br>       Defendants.<br>_____/ | No. C12-06269 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 28]** |

Plaintiff Rosario Alonso alleges that when she attempted to return to her job as a pharmacy technician after a year-long disability leave following knee surgery, Defendant Walgreen Co. ("Walgreens") terminated her employment rather than provide reasonable accommodations for her disability in violation of California's Fair Employment and Housing Act (FEHA). Alonso brings the following six claims for relief: (1) Disability discrimination in violation of FEHA; (2) Failure to accommodate in violation of FEHA; (3) Failure to take reasonable steps necessary to prevent discrimination in violation of FEHA; (4) Retaliation in violation of FEHA; (5) Violation of FEHA and the California Family Rights Act (CFRA); and (6) Wrongful Termination in violation of public policy.

Walgreens moves for summary judgment on the grounds that there is no genuine dispute that Alonso could not perform the essential functions of any available position even with reasonable

accommodations. Alonso opposes the motion[1] and asserts that she could have performed the essential functions of the pharmacy technician position with reasonable accommodations when one became available in May 2010. Based on the moving and responding papers, as well as the arguments of counsel at the hearing on December 17, 2013, the motion is GRANTED IN PART and DENIED IN PART.

For a FEHA disability discrimination claim, "[t]o prevail on summary judgment, [the employer is] required to show either (1) plaintiff could not establish one of the elements of [the] FEHA claims or (2) there was a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment." *DFEH v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) (alterations in original). The elements of a FEHA disability discrimination claim are: (1) plaintiff had a disability; (2) plaintiff was qualified for the position sought; (3) plaintiff suffered an adverse employment action; and (4) plaintiff's disability was a motivating reason for the adverse action. *See Gardner v. City of Berkeley*, 838 F. Supp. 2d 910, 922 (N.D. Cal. 2012) (citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354-55 (2000). To be qualified, plaintiff must have been able to perform the essential elements of the position with or without reasonable accommodation. *See* Cal. Gov. Code § 12940(a)(1).

Walgreens does not dispute that Alonso had a disability, or that her termination was an adverse employment decision. Walgreens argues that Alonso cannot establish that she was qualified for an available position, which is also Walgreens' asserted legitimate, nondiscriminatory reason for her termination.

In March 2010, Alonso attempted to return to her original position as a pharmacy technician at the Stanford Walgreens after a year-long disability leave. A note from her doctor indicated that she could return to work, with certain restrictions. Walgreens determined that, given these

---

[1] Alonso's Opposition brief was 35 pages long in violation of Civil L.R. 7-4. In its Reply, Walgreens requests that the Court disregard the Opposition in its entirety. Alonso later filed a motion for administrative leave to file an overlength brief. The Court does not condone Alonso's disregard for the rules and cautions against doing so in the future (particularly with respect to the undersigned's Standing Order re: Pretrial Preparation). Nevertheless, it does not appear that Walgreens suffered any prejudice, and the Court considers Alonso's oversized brief in its entirety. Accordingly, the motion for administrative relief is granted. Alonso also requested judicial notice of three documents: a 2011 calendar and Walgreens' respective Answers to the Complaint and Amended Complaint. That request is also granted.

restrictions, she could not perform the essential functions of her position, and in any case, her position had long since been filled and there were no other openings. At Walgreens' suggestion, Alonso applied for, and was granted, an extension of her disability leave. In May 2010, while Alonso was on this extended leave, a new pharmacy technician was hired at another nearby Walgreens location in Palo Alto.

The Court thinks there is a genuine dispute as to whether this was an available position of which Alonso could have performed the essential functions with reasonable accommodations. For example, Walgreens asserts that because Alonso's ability to lift more than five pounds was limited, she could not unload flats of bottled water. However, Alonso contends that a reasonable accommodation would have been to allow her to break down the flats into smaller packages before unloading and stocking them. Walgreens also alleges that her inability to squat or kneel would prevent her from reaching items on the lowest shelves. Alonso counters that the shelves were adjustable and could have been raised, or that Walgreens could have equipped her with a grabbing device. Additionally, it is worth noting that while Walgreens asserts that Alonso could not perform tasks required of her in her previous job, it does not establish that many of these same barriers would exist in the Palo Alto position. In any event, Alonso raises numerous arguably reasonable accommodations that Walgreens failed to consider, which is sufficient to raise a genuine dispute of material fact.

Accordingly, the motion for summary judgment is denied as to claim one, discrimination in violation of FEHA. For the same reasons, the motion for summary judgment is denied as to the second claim, failure to reasonably accommodate claim in violation of FEHA. Furthermore, Walgreens only argument in support of its motion for summary judgment as to claim three, failure to take all reasonable steps to prevent discrimination, was that it did, in fact, not discriminate. However, because the Court finds a genuine dispute of material fact as to the discrimination claim, this argument is unavailing, and the motion for summary judgment is denied as to claim three.

As for the remaining claims, Alonso did not oppose them in her opposition and/or conceded at the hearing that she would not pursue them. Accordingly, Walgreens' motion for summary judgment is granted as to claims four, five, and six.

1  **IT IS SO ORDERED.**

2  Dated: January 22, 2014

3  _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

**C12-06269 HRL Notice will be electronically mailed to:**

Barbara Emily Cowin Figari    barbara@figarilaw.com

Brian Samuel Crone    bcrone@berryblock.com, cperrault@berryblock.com

Lawrence Anthony Organ    larryaorgan@gmail.com, julianne@civilrightsca.com, matt@civilrightsca.com, rob@civilrightsca.com

Rex Darrell Berry    rberry@berryblock.com, cperrault@berryblock.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**